THE STATE v. PARKER, *Appellant.*

DIVISION TWO.

1. **Practice:** CONTINUANCE: DISCRETION OF TRIAL COURT. The granting or refusing of a continuance, particularly for causes not enumerated in the statute, is a matter largely within the discretion of the trial court, and nothing but the abuse of such discretion will warrant the appellate court in interfering with its exercise.

2. ——— : ——— : ———. It was not an abuse of the trial court's discretion to deny an application for continuance on the ground that defendant's attorneys were too busy to attend to his defense, and an attorney afterwards employed was too unwell to attend to it, where there had been two jury trials, in one of which the evidence had been preserved by bill of exceptions and the law of the case mostly settled upon appeal, and eight days intervened between the filing of the application and the beginning of the trial in which defendant was represented by counsel of experience and ability.

| 106 | 217 |
| 109 | 676 |
| 106 | 217 |
| 117 | 386 |
| 106 | 217 |
| 120 | 109 |
| 106 | 217 |
| 141 | 522 |
| 106 | 217 |
| f159 | 120 |
| 106 | 217 |
| 164 | 649 |
| 106 | 217 |
| 170 | 1207 |
| 172 | 4206 |
| 98a | 3719 |

3.    Criminal Law: SELF-DEFENSE: MANSLAUGHTER.  One who provokes a difficulty, but without any felonious purpose, and during its progress is compelled to take the life of the person whom he attacks, in order to save his own, cannot be entirely justified upon the ground of self-defense, but will be guilty of manslaughter in the fourth degree.

4.    ——: PRACTICE: FELONIOUS, DEFINITION OF.  The definition of the word "felonious," used in an instruction, as meaning "wickedly and against the admonition of the law—unlawfully," is not objectionable.

5.    ——: SELF-DEFENSE: REASONABLE APPREHENSION OF DANGER.  To justify a homicide upon the ground of self-defense, it is not sufficient that defendant acted upon an honest belief that danger was impending, but it must appear that he had reasonable cause to apprehend the existence of danger.

6.    ——: PRACTICE: INSTRUCTION.  An instruction should not be given, when there is no evidence upon which to base it.

7.    ——: ——: TIME FOR FILING BILL OF EXCEPTIONS.  Allowing time in vacation in which to prepare and file bills of exceptions is a matter within the discretion of the court.  Such discretion should be exercised soundly and reasonably, so as not to deprive parties of a full and complete presentation of their causes, and a case of such hardship could be made by a refusal to grant such time as would require a reversal of the judgment, in order that injustice might not be done.

8.    ——: ——: ——.  Where verdict was rendered on the thirtieth of March and motion for new trial filed on the third of April which was continued until the thirteenth of April, and then overruled and sentence passed and bill of exceptions filed and appeal taken, it was not an abuse of discretion to deny a request made then for time to prepare the evidence, where nothing was done between the date of the verdict and the overruling of the motion for new trial toward preparing the bill, and the bill as prepared recites that evidence was offered tending to prove all the issues in the case, and nothing appears from anything in the record or otherwise that any questions affecting the substantial rights of the defendant would have been more fully presented under all the evidence.

*Appeal from Buchanan Criminal Court.*—HON. C. A. ANTHONY, Judge.

AFFIRMED.

*H. S. Kelley* for appellant.

(1) The court erred in refusing to continue or post-pone the trial. *McKay v. State*, 12 Mo. 492; *Rice v. Melendy*, 36 Iowa, 166; *State v. Lewis*, 74 Mo. 222; *State v. Walker*, 69 Mo. 274; *State v. Loe*, 98 Mo. 609. Sickness of counsel is good ground for continuance. *State v. Bailey*, 94 Mo. 311; *Thompson v. Thornton*, 41 Cal. 626; *State v. Stegner*, 33 N. W. Rep. 340; *Stockholm v. State*, 7 S. W. Rep. 338. When leading counsel is sick, and counsel in attendance is not prepared to go on with the trial, a continuance should be granted. *Shultz v. Moore*, 1 McLean, 520; *Allen v. State*, 10 Ga. 85; *Rhode Island v. Mass.*, 11 Pet. 226; 3 Am. & Eng. Ency. of Law, 808. When counsel has not had time to prepare a defense he believes there is in the case, a continuance should be granted. *State v. Deschamps*, 7 So. 133; 41 La. Ann. 1051; *Price v. People*, 23 N. E. Rep. 639; *Blackman v. State*, 76 Ga. 288. The absence of counsel, by virtue of a prior engagement, when there appears no want of due diligence on the part of the party applying, is good ground for continuance. *Russell v. Gardner*, 3 W. Va. 531; *Hill v. Clark*, 51 Ga. 122. Judge Kelley was absent by reason of a prior engagement. The fact that the case has been in court a long time is no reason for a refusal of a further continuance, when the party applying is not chargeable with delay. *Hooper v. Memphis*, 19 Ga. 85. Undue haste generally retards the final consummation of the object in view. It seems to have been so in this case. (2) It should be stated in the instructions that if the defendant brought on the difficulty which resulted in the death of the deceased, with intent to kill him or do him great bodily harm, if opportunity offered, he could not shield himself on the ground of self-defense. But, on the other hand, if he (actuated by passion or actual or fancied provocation as many men are) began or entered into a quarrel or difficulty, intending no more than a fist-fight or a

battery, and during the course of the difficulty he had reasonable cause to believe, and did believe, that he was in immediate danger of death or great personal injury, and acted upon such belief, the fear and belief caused by the circumstances under which he acted repelled the inference of malice, which is an essential ingredient of murder in either degree, and his offense, in killing his adversary, is no more than manslaughter in the fourth degree. *State v. Partlow*, 90 Mo. 608; *State v. Berkely*, 92 Mo. 41; *State v. McDaniel*, 94 Mo. 301; *State v. Gilmore*, 95 Mo. 554; *State v. Davidson*, 95 Mo. 155; *State v. Parker*, 96 Mo. 382; *Adams v. People*, 47 Ill. 376; Horrigan and Thompson, Self-Defense, 227, note; *State v. Stiltz*, 97 Mo. 20; *State v. Herrell*, 97 Mo. 105; *Chapman v. Com.*, 15 S. W. Rep. (Ky.) 50. (3) To justify a homicide the danger need not be actual; if the accused acted on a reasonable appearance and belief of danger, it is sufficient, although there was not, in fact, any danger. *Tiller v. State*, 24 Tex. 251; *De Arman v. State*, 71 Ala. 351; *Jordan v. State*, 11 Tex. App. 435; *Lamar v. State*, 64 Miss. 428; *Guice v. State*, 60 Miss. 714; *State v. St. Geme*, 31 La. Ann. 302; *State v. Eaton*, 75 Mo. 586; *State v. Elliott*, 90 Mo. 350; *State v. Davidson*, 95 Mo. 155; *State v. Hardy*, 95 Mo. 455; *State v. Rose*, 92 Mo. 201; *State v. Downs*, 91 Mo. 19. (4) The action of the court in refusing time in which to prepare and file bill of exceptions was not only erroneous, but was most arbitrary, oppressive and reprehensible. *Bryans v. State*, 15 S. W. Rep. 288, and cases cited; 2 Thompson on Trials, sec. 2809, *et seq.; State v. Reed*, 67 Mo. 36; *Ohmes v. State*, 49 Wis. 415; *State v. Harding*, 1 Wall. Jr. 137; *Woolfolk v. Tate*, 25 Mo. 598; *Cocker v. Cocker*, 56 Mo. 180.

*John M. Wood*, Attorney General, for the State.

(1) The continuance was properly refused. *Jacob v. McLean*, 24 Mo. 40; *Greer v. Parker*, 85 Mo. 107;

*State ex rel. v. Griffith*, 63 Mo. 545; and cases cited; *State v. Bailey*, 94 Mo. 311; *Roberts v. People*, 9 Col. 458; *Walton v. State*, 79 Ga. 446; *Parker v. State*, 81 Ga. 332; *People v. Goldenson*, 76 Cal. 328; 3 Am. & Eng. Ency. of Law, 808, and notes. ( 2 ) Instruction, numbered 7, given on the part of the state, upon the question of self-defense, was approved by this court when the case was here before. *State v. Parker*, 96 Mo. 382; *State v. Gilmore*, 95 Mo. 554; *State v. Partlow*, 90 Mo. 608. ( 3 ) Instruction, numbered 1, asked by defendant and refused, was embraced in numbers 7 and 16, given on the part of the state, and was properly refused. *State v. Walton*, 74 Mo. 270; *State v. Smith*, 80 Mo. 516. ( 4 ) In view of the facilities afforded to appellant, he has not shown due diligence, and has no cause to complain of the action of the court in refusing to extend the time for filing the bill of exceptions, even if it be conceded that that question is a matter subject to review by this court.

MACFARLANE, J.—This is the second appeal of defendant from a conviction for murder in the second degree for killing David C. Montgomery. The first appeal is reported in 96 Mo. 383. The case was retried with the same result as upon the first trial. The plea was again self-defense. A number of errors are assigned which will be considered in their order.

I. Defendant's first complaint is, that the court improperly refused to grant him a continuance. The ground of the application was that the attorneys who had attended to his defense on all former trials, and in the supreme court, and who were familiar with all the facts were unable to attend to his defense on account of the press of other important business. On the eleventh of March he employed another attorney, J. S. Crosby, who was then sick but thought he would be well in time to prepare for trial. His attorney so employed had not sufficiently recovered to attend to his case, and he could

not now secure the services of counsel who could prepare for and proceed with the trial at that term of court. The application was made on the eighteenth day of March, 1889, and overruled. On the twenty-second of March, Hon. H. S. Kelley, a partner of Crosby, appeared for defendant and requested a postponement for two weeks, which was also denied. On the twenty-sixth the trial was commenced, Hon. H. S. Kelley and J. S. Crosby appearing for defendant, though the latter was still in delicate health.

The granting or refusing a continuance, particularly for causes not enumerated in the statute, is largely a matter within the discretion of the circuit court, and nothing but its abuse will warrant this court in interfering with its exercise. "When a party seeks to substitute the discretion of this court for that of the court below, and to give relief under circumstances which, in the discretion of that court, do not entitle him to it, he must present a strong case,—"SCOTT, J., in *Jacob v. McLean*, 24 Mo. 40. *State v. McGuire*, 69 Mo. 198 ; *State v. Walker*, 69 Mo. 274 ; *Greer v. Parker*, 85 Mo. 107 ; *State v. Griffith*, 63 Mo. 545 ; *State v. Bailey*, 94 Mo. 313.

We can see no arbitrary or unreasonable exercise of the discretion of the court in denying a continuance on the grounds alleged in the application. There had already been two jury trials of the case, in one of which, at least, the evidence had been preserved by bill of exceptions. The questions of law had been mostly settled by the decision of this court in the former appeal. But little time was, therefore, required in which to get a full understanding of the case. The application was made on the eighteenth of March, and the trial was not commenced until the twenty-sixth of the same month. Defendant was represented in the trial by counsel of great experience and distinguished ability. Nothing prejudicial to defendant on account of the denial of the

continuance appears.    No sufficient cause is shown for our interference with the discretion of the trial court.

II.    Defendant next objects to the seventh instruction given by the court.    This instruction tells the jury in substance, if defendant brought on the difficulty, and in so doing was actuated by a felonious intent to kill deceased, or to do him some great bodily harm and during the progress of said difficulty, did shoot and kill him, then the jury cannot acquit on the ground of self-defense.    To this the court adds the following:    "But although the jury believe from the evidence that the defendant began the quarrel or provoked the difficulty with the deceased, yet if they also believe, from the evidence, that this was done by defendant without any felonious purpose, and that thereupon the deceased attacked him and compelled him, in order to save his own life, to take that of the deceased, still the law, while it will not entirely justify the homicide on the ground of self-defense, will hold the defendant guilty of no higher grade of crime than that of manslaughter in the fourth degree.    The word felonious, as used in this instruction, means wickedly and against the admonition of the law— unlawfully."

We can see nothing in this instruction or omission therefrom of which the defendant can justly complain.    Full benefit is given him of the liberal rule declared in *Partlow's case*, 90 Mo. 608, and followed in the subsequent cases of *State v. Gilmore*, 95 Mo. 554; *State v. Parker*, 96 Mo. 393, and *State v. Berkley*, 92 Mo. 53.

We are unwilling to extend the rule of self-defense one step further than has been done in that laid down in those cases, and acted upon by the criminal court in the trial of this case.    One who voluntarily brings on, seeks or provokes a difficulty, in the progress of which, though to save his own life, he kills his adversary, cannot be justified on the ground of self-defense, but should and must, in part at least, bear the consequences

of his own lawlessness, the degree of his guilt depending on the intent with which the difficulty is brought on or provoked.

We can see no objection to the definition of the word "felonious," as used in this instruction. An unlawful intent to kill would be a felonious intent.

III. The court gave an instruction, numbered 16, of the series, on the question of self-defense, which is a literal copy of instruction, numbered 13, given in case of *State v. Gee*, 85 Mo. 650. This instruction was approved by this court in that case, and properly declares the law under the evidence in the case at bar.

Defendant asked an instruction on the same subject, which was refused. This instruction was, in substance, the same as number 16 given, with the exception that it omitted the following, which was the conclusion of the one given : "Whether or not he had reasonable cause is for you to determine, under all the facts and circumstances given in evidence. If you shall believe from the evidence, that defendant did not have reasonable cause to so believe, you cannot acquit him on the ground of self-defense, although you may believe that the defendant really thought he was in danger."

The objection defendant urges to this part of the instruction is that it did not give him the right to act upon an honest belief that danger was impending, though there was, in reality, no reasonable ground for his apprehensions. To adopt such a rule would open a way of escape to every one charged with murder. How could the belief and apprehensions of a murderer be interpreted? "He must decide at his peril upon the force of the circumstances in which he is placed." *State v. Sloan*, 47 Mo. 612. The statute requires, in justification of a homicide, on the ground of self-defense, that reasonable cause to apprehend danger should have existed. R. S., sec. 3462 ; *State v. O'Connor*, 31 Mo. 389 ; *State v. Johnson*, 76 Mo. 121 ; *State v.*

*Gonce*, 87 Mo. 627 ; *State v. Eaton*, 75 Mo. 586 ; *State v. Wilson*, 98 Mo. 442. The instruction given properly declared the law of self-defense, and there was no error in refusing the one asked by the defendant. *State v. Walton*, 74 Mo. 270 ; *State v. Smith*, 80 Mo. 516.

IV. Defendant asked two instructions, on the theory that defendant killed deceased in the necessary defense of his son, Frank, who was in danger from an attack then being made upon him by deceased or some one acting with him. This instruction was properly refused for the reason that there was no evidence in the case that defendant's son, Frank, was assaulted or attacked by deceased or any other person.

V. Defendant complains most seriously of the action of the court in not allowing him a reasonable time after the adjournment of court in which to prepare and incorporate in the bill of exceptions all the evidence taken on the trial.

Allowing time in vacation in which to prepare and file bills of exceptions is a matter within the discretion of the court, and which should be exercised soundly and reasonably, so as not to deprive parties of a full and complete presentation of their case, and all exceptions taken on the trial in the appellate court. Granting such reasonable time has been, for years, the practice, so far as we are advised, throughout the circuits of this state. It is well-known that under the present practice it is next to impossible to prepare a full bill of exceptions, including all the evidence, during the sitting of the court. A case of such hardship could be made by a refusal to grant such time, that we might feel required, in order to prevent injustice, to remand a case for a retrial for that reason alone. We do not think such a case is presented by this record. The bill of exceptions, as prepared, recites that evidence was offered tending to prove all the issues that arose in the case. It does not appear from anything

contained in the record, or otherwise, that any questions affecting the substantial rights of defendant would have been more fully presented under all the evidence. It also appears that the verdict was rendered on the thirtieth of March,—the motion for a new trial was filed April 3. The motion was continued to April 13, at which time the motion was overruled, sentence passed, bill of exceptions filed and appeal taken. It was upon this day the request was made for time to have the evidence prepared.

The case was tried by the judge of another circuit sitting specially in this case. It is as well-known that adjournments are frequently taken in such cases for the purpose of giving opportunity to prepare bills of exceptions, as that time is granted in vacation for that purpose. From the thirtieth of March to the thirteenth of April, nothing was done towards the preparation of a bill. The official stenographer was not called on to copy the evidence or consulted about it, though the affidavit for appeal was made on the twelfth day of April, the day before the motion for a new trial was passed upon. Defendant's counsel must have been advised beforehand that final sentence would be passed on that day. There was ample time to have had the evidence prepared. We are unable to see that the court exercised its discretion unsoundly or unreasonably, or that defendant was in any manner prejudiced in not getting the whole evidence in the bill of exceptions.

No error appearing, the judgment is affirmed. All concur.