THE STATE v. WEBSTER, Appellant.

**Division Two, October 31, 1899.**

1. **Forgery:** UTTERING FORGED CHECK: SUFFICIENCY OF PROOF. Where the proof shows that the defendant indorsed and delivered a forged check knowing it to be forged and thereby obtained money from the firm to which it was sold by him, and that he falsely represented himself as the payee named in the check, the proof is sufficient to sustain an indictment charging him with unlawfully and feloniously selling and delivering to the said firm "a falsely made, forged and counterfeited check,.purporting to have been made and drawn by," etc.

2. **Continuance:** CRIMINAL PRACTICE: DISCRETION. Much must be left to the discretion of the trial court in refusing or granting continuances. The appellate court will interfere only when the trial court clearly erred in denying the continuance.

3. ————: CASE STATED. Where the court denied defendant's application for a fourth continuance, and it was asked in order to enable him to bring in eight witnesses from the neighborhood of his home, for whom the court ordered attachments, and four of them were produced in court by the sheriff before defendant's testimony was closed, and he declined to use any of them, and three of the others were no longer residents of the State, and citizens of the vicinity testified that no such man as the eighth lived in the neighborhood, and the defendant had had two years in which to secure the absent witnesses' testimony, the court did not abuse its discretion by denying the application.

*Appeal from Pulaski Circuit Court.*—HON. D. W. SHACKLEFORD, Judge.

AFFIRMED.

J. T. MOORE and MURPHY & MURPHY for appellant.

EDWARD C. CROW, Attorney-General, and SAM B. JEFFRIES, Assistant Attorney-General, for the State.

(1) There is no variance between the averments in the indictment and the proof as shown by the testimony. The

check introduced in evidence was correctly described in the indictment. State v. Bibb, 69 Mo. 286; State v. Harte, 137 Mo. 252; State v. Meyer, 82 Mo. 562; State v. Womack, 70 Mo. 410; State v. Sharp, 71 Mo. 218. (2) In his motion for a new trial, defendant alleges upon the part of the trial court error in failing to sustain his application for continuance. The granting or refusing of a continuance has always been held by this court to be a matter largely within the discretion of the trial court, and nothing but an abuse of that discretion will warrant interference by the appellate court, and where the party seeks to substitute the discretion of the appellate court for that of the trial court, he must present a strong case. State v. Parker, 106 Mo. 217; State v. McGuire, 69 Mo. 197; State v. Walker, 69 Mo. 274; State v. Day, 100 Mo. 242; State v. Carter, 98 Mo. 176. (3) After the evidence was all in, defendant returned into court with the attachments that had been asked for upon the part of defendant for certain witnesses alleged by him in his application for a continuance to be necessary in order to obtain a fair and impartial trial. The court then gave him an opportunity to examine these witnesses, but he refused to take advantage of the opportunity. It is true that all of the witnesses for which attachments had been issued were not found by the sheriff. The evidence introduced by the State upon the application for a continuance shows that those who were not found were out of the jurisdiction of the court, and could not be obtained. Some of the witnesses, however, were present, and examined during the trial of the case. For these reasons we submit that no injury was inflicted upon defendant by reason of court's failing to grant him a continuance.

GANTT, P. J.—At the March term, 1896, of the circuit court of Pulaski county the defendant was indicted under section 3645, Revised Statutes 1889, for unlawfully and feloniously selling and delivering to Evington & Company, a firm composed

of Messrs. M. G. Evington, E. K. Morgan and A. P. Young, a certain falsely made, forged and counterfeited check purporting to have been made and drawn by one Lige Garrison upon the Camden County Bank, a banking corporation duly organized and existing under the general laws of Missouri in favor of one Cahley Parrick, which said check was of the tenor following:

"Linn Creek, Mo., Sept. 16, 1895.

"Camden County Bank,

"Pay to Cahley Parrick or order $128 (one hundred and twenty-eight dollars). Lige Garrison."

Knowing said check to be falsely made, forged and counterfeited with felonious intent, then and there to have the same passed against the peace and dignity of the State.

The defendant was arrested and gave bond for his appearance at the September term and the cause was continued until that time. At the September term, 1896, the defendant filed his application for a continuance and the cause was continued until the March term, 1897, on his application.

At the March term, 1897, it appeared to the court that defendant was sick and unable to be present and the cause was again continued to the September term, 1897.

At the September term, 1897, the cause was continued on the application of the State. At the March term. 1898, the defendant applied for a change of venue on account of the alleged prejudice of Judge Woodside, and thereupon Judge Dorsey W. Shackleford, at the request of Judge Woodside, appeared and took the bench.

Defendant by leave of the court withdrew his plea of not guilty and moved to quash the indictment, which motion having been heard was overruled, and defendant excepted. Thereupon defendant filed another application for a continuance on account of absent witnesses which continuance was denied, and thereupon defendant was again arraigned, and a plea of not guilty entered.

The defendant was convicted, and after his motions for new trial and in arrest were overruled, appealed to this court. No counsel have appeared in this court for the defendant, and as usual we have been compelled to search for errors which would justify this appeal.

I.   The motion to quash was properly overruled. The indictment was drawn under section 3645, Revised Statutes 1889, and contains every essential averment to charge an offense under that section.

II.   The proof was amply sufficient to sustain the indictment. It leaves no doubt whatever that the defendant knowingly indorsed and delivered the forged check and thereby obtained one hundred and twenty-five dollars from Messrs. Evington & Company, and shows, moreover, that he falsely represented himself to be the payee therein named.

His defenses were a denial that he was the person who transferred the check, and an alibi.   He sought to prove by himself, his mother and his brother, that on the day of the transfer of the check at Richland he was some thirty miles distant in Camden county.   The jury found against him on both these defenses, and there was much evidence to justify their conclusion.

This brings us to his complaint in the motion for new trial, that the court erred in refusing him a continuance.

It is only when we can say that the court has clearly erred in refusing a continuance, that its action in this respect will be held reversible error.   Much must be left to the discretion of the trial court.

Recalling the history of this case it will be remembered that this was the fourth continuance asked by defendant. The continuance was asked to enable him to bring some seven or eight witnesses from the neighborhood of his home in Camden county.   The court awarded him an attachment for these witnesses, and the record discloses that four of them were produced in court by the sheriff and tendered to the defendant

State v. Webster.

before his testimony was closed, and he declined to use either of them. In addition to this it further appears that three others of those for whom the attachment issued were no longer residents of the State and as to one of them, George Webster, near neighbors testified no such man ever lived in that neighborhood.

When it is considered that the defendant and two other witnesses testified to his alibi, and he had the opportunity to call four other witnesses to the same point and declined to avail himself of the privilege we think the defendant has failed to convict the circuit court of error. On the contrary we are painfully impressed with the view that the defendant was trifling with the court.

Had defendant availed himself in good faith of all the witnesses he had, he would have been in a better condition to complain of the absence of those who were out of the jurisdiction of the court.

He had had two whole years in which to secure the testimony, and can not complain that he was rushed into trial without opportunity to prepare for it. At most the absent evidence would have been merely cumulative. In view of all the circumstances, we find no error in refusing the continuance.

No exceptions were saved to the admission or rejection of evidence. The instructions covered all the questions of law raised in the case and were as favorable as defendant could demand.

No error being discovered, we affirm the judgment. BURGESS, J., concurs; SHERWOOD, J., absent.