THE STATE v. FRANK WILLIAMS, Appellant.

Division Two, November 18, 1902.

**Continuance:** DILIGENCE: DEPOSITION. The application showed that the absent witness was a resident of the town where the trial was had; that he had left the city temporarily about six weeks previously, and gone on a visit to another State, and that his presence at the next term could be secured; but it did not show that defendant had taken any steps to take his deposition, although from all that appears from the application defendant may have known that the witness was going to leave the State at the time he did, or he may have known in ample time to have taken the deposition of the witness that had gone and would not return in time for the trial. The subpoena was issued only four days before the day of trial. *Held*, that proper diligence was not exercised to procure the witness's attendance. Moreover, there was no such abuse of the court's discretion in regard to continuances as authorizes the Supreme Court to interfere.

Appeal from Pettis Circuit Court.—*Hon. W. L. Jarrott*, Special Judge.

AFFIRMED.

*A. L. Shortridge* for appellant.

*Edward C. Crow*, Attorney-General, for the State.

The application for a continuance was properly overruled. It states that the witnesses defendant wished to have subpoenaed were all in Sedalia or residents thereof. The application does not show that he made any effort to have the witnesses subpoenaed until the seventh day of the November term of court or on the 11th day of November. The statement in the application for a continuance simply shows that the witness would testify if present that he (defendant) did not

strike the lick, but the application also shows that the witness is beyond the jurisdiction of this court and it is a mere conjecture as to when he will return. The defendant, according to the record and his application for a continuance, had from June until the opening of the November term of court to have these witnesses subpoenaed, and yet he made no effort to do so. The trial court passed upon the matter of the application for a continuance, and the rule is that the question of refusing a continuance is largely a matter within the discretion of the circuit court, and nothing but its abuse will warrant this court in interfering with its exercise. When a party seeks to substitute the discretion of this court for that of the court below, to give relief under circumstances which in the discretion of that court did not entitle him to it, he must present a strong case.

BURGESS, J.—Defendant was convicted and his punishment fixed at four years' imprisonment in the penitentiary under an information filed by the prosecuting attorney of Pettis county, in which it is charged that "on the eighth day of April, 1901, Frank Williams in and upon the body of one William Walton feloniously, on purpose and of his malice aforethought did make an assault, and did then and there on purpose and of his malice aforethought feloniously strike, beat, cut, bruise and wound him, the said William Walton, in and upon the face and head of him, the said William Walton, with a certain deadly weapon, to-wit, a certain large and heavy club which he, the said Frank Williams, then and there had and held in his right hand with the felonious intent then and there him, the said William Walton, on purpose and of his malice aforethought feloniously to kill and murder, contrary to the statutes in such cases made and provided and against the peace and dignity of the State."

After unavailing motions for new trial and in arrest defendant appeals.

On the night of April 8, 1901, about ten o'clock and twenty minutes, William Walton, who was then janitor

for, and in, Murphy's liquor store in the city of Sedalia, having heard a crash as if glass had been broken in a door of said building, which opens on Ohio street, went to that door to discover the cause, opened it, and when he did so was struck on the side of the head with a heavy club, the butt end of a billiard cue in the hands of the defendant, who was standing by the side of the door on the outside of the building. Walton was knocked unconscious upon the floor, and remained in a state of insensibility all the night and most of the following day, from the effect of the lick upon his head. Defendant and Walton were not acquainted at the time, nor had they ever had any trouble, and the evidence tended to show that defendant mistook him for some other man. Defendant denied that he struck Walton.

The defendant was arraigned upon the day upon which the information was filed and the cause was then continued to the next succeeding term of said circuit court, that being in November, 1900. When the case was called for trial, defendant filed his motion, supported by affidavit, for a continuance, because of the absence of one Pink Webster, which was overruled, and the action of the court in this regard is claimed to be erroneous. The application shows that the absent witness was at the time it was made, to-wit, November 11, 1901, and had been for many years prior thereto, a resident of Sedalia; that about the first of October, 1901, he left that city temporarily and went to Vicksburg, Mississippi, on a visit, and expected to remain away from Sedalia about two months, and that he could have had said witness present at the following January term of said court. He had no subpoena issued for the absent witness until November 7, 1901, nor did he take any steps to take his deposition, although from all that appears from the application he may have known that he was going to leave the State at the time he did, or that he was gone from the State and that he would not return thereto in time for the trial, in ample time to have taken his deposition. These facts being considered it is clear that proper diligence was not exercised to pro-

cure the attendance or the testimony of the said witness. Moreover, matters of continuance rest largely in the discretion of the court, with which the Supreme Court will not interfere unless it appear that such discretion has been unwisely exercised, and it does not so appear in this case. [State v. Fox, 79 Mo. 109; State v. Parker, 106 Mo. 217; State v. Banks, 118 Mo. 117; State v. Riney, 137 Mo. 102; State v. Dewitt, 152 Mo. 76; State v. Webster, 152 Mo. 87; State v. Craft, 164 Mo. 631.]

No error was committed in admitting or excluding evidence, or in giving or refusing instructions. It is, however, asserted in the motion for a new trial that the court erred in failing to instruct the jury that they could fix defendant's punishment at a term in the county jail or a fine, if they found him guilty. With respect to this assertion it is sufficient to say that no such instructtion was authorized by the evidence.

The case was well tried, and the verdict well warranted by the evidence.

The judgment is affirmed. All of this Division concur.