**STATE of Missouri, Respondent,**

v.

**Marvin LE BEAU, Appellant.**

**No. 46056.**

Supreme Court of Missouri,
Division No. 1.

Nov. 12, 1957.

Dwight H. Doss, Monticello, J. Ben Searcy, Eminence, for appellant.

John M. Dalton, Atty. Gen., Grover C. Huston, Asst. Atty. Gen., for respondent.

DALTON, Judge.

Defendant was convicted of robbery in the first degree and his punishment assessed at imprisonment in the state penitentiary for a term of ten years. See Sections 560.120 and 560.135 RSMo 1949, V. A.M.S. He has appealed and filed a full transcript and a brief, but has made only one assignment of error, to wit, that the trial court abused its discretion in overruling his application for a continuance on the day the cause went to trial.

Before reviewing the facts, we may say, that the application for a continuance was based upon the absence of two non-resident material witnesses on whom defendant relied to establish an alibi. As appellant, he insists that the application was sufficient in both form and substance and fully complied with the requirements of Supreme Court Rule 25.08, 42 V.A.M.S., which has superseded Sections 545.710 and 545.720 RSMo 1949, V.A.M.S. Appellant concedes that the court's action in overruling his application "may find some basis in the fact that the record discloses previous applications for continuance and previous allowances, and even for the same reasons." Appellant's theory, however, is that "each motion and the grounds therefor must necessarily stand alone and be applied to the facts as they exist at the time of making such motions and applications." Accordingly, appellant contends that the applica-

tion for a continuance in question should have been considered and ruled on its own merits independent of the prior history of the case as shown by the records of the trial court at the time the application was presented and ruled.

The information was filed in the Circuit Court of Dent County on the 13th day of November 1952 and charged that the offense was committed on or about the —— day of April 1952. In the trial of the cause the state's evidence tended to show the offense was committed on April 2, 1952; and that the defendant was arrested on the following morning. In view of the issues presented on this appeal it is unnecessary to review the state's evidence tending to show that defendant was guilty of the offense charged. It is sufficient to say that the evidence was substantial and fully supports the verdict of the jury.

The cause was first set for trial on November 18, 1952, but on November 13, 1952, the defendant made application for continuance on the ground of illness—a virus infection and pleurisy. The application was supported by defendant's affidavit and a certificate of V. E. Cannon, Jr., M. D. of Decatur, Illinois. The application was sustained and the cause continued.

Thereafter, the cause was set for trial on March 23, 1953, but, on the application of the defendant that he was ill and suffering from sore throat and a chest condition, the cause was continued. The application was supported by defendant's affidavit and the certificate of Dr. John J. Hopkins of Decatur, Illinois.

Thereafter, the cause was set for trial on June 16, 1953, but defendant did not appear and his bond was forfeited and an alias capias was issued for his arrest. The cause was thereafter continued from time to time, to and including May 16, 1955, the defendant not being in custody.

During the summer of 1955, defendant surrendered to the local officers and, on July 25, 1955, defendant filed his application for a change of venue from Dent and Shannon counties on the ground of prejudice of the inhabitants of said counties against him. He attached a newspaper article to his application, which article had appeared subsequent to his surrender. The article referred to him as one of "Ten Most Wanted by the F B I." The application for change of venue was sustained and the cause was transferred to the Circuit Court of Howell County, where, on August 19, 1955, the cause was set for trial on October 4, 1955, and defendant released on bond.

The cause was tried on October 4, 1955 and, the jury being unable to agree, a mistrial was ordered and the cause continued to January 16, 1956, on which date it was continued by agreement to the April term 1956.

On April 9, 1956, defendant's counsel Hon. George F. Addison withdrew as attorney for defendant.

Thereafter, on April 16, 1956, attorneys Green and Green, as counsel for defendant, filed an application for continuance on the ground that defendant was not advised of his former attorney's withdrawal until April 10, 1956, and on the further ground that the material witnesses Perrin and Beulah Palmer were absent from the state and it was impossible to secure their presence for trial at the April term. The cause was thereupon continued, the state consenting thereto. Thereafter, on September 24, 1956, Green and Green withdrew as counsel for defendant and the cause was set for trial on October 10, 1956, on which date defendant filed the present application for a continuance based in part upon the absence of the same witnesses referred to in his prior application for a continuance, and in part upon the ground of withdrawal of his attorneys, Green and Green.·

Upon the hearing of this application for a continuance, Hon. H. D. Green testified that he had been employed and paid in

April 1956 for the sole purpose of attempting to obtain a continuance from April 16, 1956; and that, when the continuance was granted, his duties were at an end, since he had been employed for no other purpose. It also appeared that the cause had been continued at the June term 1956, but without a record entry.

The application for a continuance, dated October 10, 1956, was supported by the affidavit of defendant. The application covers some ten pages of the transcript, and on its face it is sufficient to meet all of the formal requirements of Supreme Court Rule 25.08. The application alleged that defendant did not receive notice of the present setting of the case until September 1, 1956; or of the withdrawal of Green and Green until September 7, 1956; that he had thereupon employed Hon. J. Ben Searcy of Eminence, Missouri, to be associated with Hon. Dwight H. Doss of Monticello, Illinois; that in October 1955, the address of Perrin Palmer and wife, the material witnesses hereinbefore referred to, was Cabool, Missouri, but that they had moved to Tulsa, Oklahoma; that an effort had been made to reach them in Tulsa, but they could not be located; that Perrin Palmer was a missionary or itinerant minister and efforts to locate the witness or his wife in Tulsa, Oklahoma, Bentonville, Arkansas, Springdale, Arkansas, and other places had failed; and that, if the cause be continued a reasonable time, the Palmers would be located and would voluntarily appear. The application set out that defendant's defense was "primarily the defense of alibi and mistaken identity"; that Palmer and wife were his former neighbors and could support his alibi defense. To show the materiality of the testimony of the missing witnesses, the defendant attached to his application a copy of the deposition testimony of the prosecuting witness and also a transcript of the testimony of Palmer and wife, as given in the prior trial of defendant on October 4, 1955. The transcript of the testimony of these witnesses, as given in the prior trial, covers some 25 pages of the record. Their testimony was reviewed at length in the application and its materiality is not here questioned. The recent efforts of the defendants to locate the Palmers in Oklahoma and Arkansas were reviewed at length and it was alleged that defendant had traveled in excess of 2300 miles in trying to locate the witnesses.

Defendant offered no evidence in support of his verified application, however, in the hearing on the application it appeared that defendant had at all times been represented by Mr. Doss, an attorney of record in the case, who had expected a Missouri attorney to actually try the case. The application alleged that, when defendant went to Tulsa to the last known address of the witnesses, the windows were all covered with paper and he couldn't definitely ascertain whether the witnesses lived there or not, as no one was at home; and that defendant had exhausted all possible leads, but had not been able to catch up with or locate the witnesses, Reverend Perrin Palmer being an itinerant minister or missionary, as stated.

The trial court in considering the application reviewed the history of the case as shown by the record and pointed out that the transcript of the testimony of the Palmers at the prior trial of the cause could be used and introduced in evidence, if the motion for continuance was overruled. See Sections 492.410 and 492.400 RSMo 1949, V.A.M.S.; State v. Coleman, 199 Mo. 112, 119, 97 S.W. 574. The court also pointed out that the witnesses resided out of the state; that they could not be required to return; and that while depositions could be taken, "you have taken them in open court where both sides had a right to examine them." The application was then overruled.

The trial to a jury was, thereafter, had on October 10, 1956 and a verdict of guilty returned on the same date. Although defendant was represented by two attorneys, the state's witnesses were not cross-examined and defendant did not testify or

offer any testimony in his behalf. The transcript of the testimony of Palmer and wife was not offered in evidence.

■ As stated, the formal sufficiency of the application for a continuance is not questioned, but formal sufficiency is not enough. State v. Dettmer, 124 Mo. 426, 432, 27 S.W. 1117. In determining the issue presented on this appeal, two questions present themselves: (1) Did the court err in considering the prior history of the case as shown by the record before him, as well as the formal application for continuance, when reaching a conclusion? (2) Did the court exercise a sound judicial discretion in overruling the application or did the court act arbitrarily, capriciously and oppressively and therefore abuse its discretion?

Supreme Court Rule 25.08 provides that "continuances may be granted to either party in criminal cases for good cause shown, and the court may postpone the trial of any such case for good and sufficient reasons, of its own motion."

In passing upon an application for a continuance the court is not limited to a consideration of the facts stated in the affidavit of the defendant, he may inquire into the truth of the statements contained therein either by hearing other evidence or by applying his own knowledge of what has occurred in the case up to the time the application is made, especially where, from all the circumstances, he is led to question the good faith of the accused. 16 C.J. 506, Section 931; 22 C.J.S. Criminal Law § 517.

In the case of State v. Sassaman, 214 Mo. 695, 735, 114 S.W. 590, 603, this court said: "The court clearly had the right to consult its own files and to inquire of its clerk for the purpose of determining the good faith of this application."

The sufficiency of an application for continuance is necessarily dependent upon, and often intrinsically interwoven with, many facts and circumstances peculiar to the case in question. 16 C.J. 454, Sec. 825; 22 C.J.S. Criminal Law § 483. The court must weigh the factors both of affording the accused adequate opportunity to prepare his defense and of expediting the trial so as to avoid unreasonable delay. 22 C.J.S. Criminal Law § 482, p. 742.

It is apparent that the trial court did not err in reviewing the prior history of this case as shown by the record before him and in considering such record along with the other facts and circumstances stated in defendant's application for a continuance. State v. Webster, 152 Mo. 87, 90, 53 S.W. 423; State v. Hedgepeth, 125 Mo. 14, 17, 20, 28 S.W. 160; State v. Gamble, 108 Mo. 500, 504, 18 S.W. 1111; State v. Cooper, Mo.Sup., 271 S.W. 471, 473(1).

■ It is well settled that an application for a continuance in a criminal case is addressed to the sound discretion of the trial court; and that an appellate court will not interfere, unless it clearly appears that such discretion has been abused. State v. Williams, Mo.Sup., 263 S.W. 198, 199(3); State v. Garner, 360 Mo. 50, 226 S.W.2d 604, 608; State v. Wilson, Mo.Sup., 242 S.W. 886, 887(2); State v. Ward, 337 Mo. 425, 85 S.W.2d 1, 3(1). This general rule applies where a continuance is sought on account of the absence of material witnesses. State v. Perkins, 342 Mo. 560, 116 S.W.2d 80, 84(7); State v. Cooley, Mo.Sup., 221 S.W.2d 480, 486(14).

At least three issues were before the court for consideration in ruling the application in question: (1) whether there was a reasonable probability that the personal presence of the witnesses would ever be obtained; (2) whether defendant had in fact shown reasonable diligence to obtain the presence of these witnesses or to take their depositions; and (3) whether the application was in good faith for the causes stated.

As stated, defendant was advised by a party in Cabool that the Palmers' last known address was 1340 East Sixth Street, Tulsa,

Oklahoma but the parties could not be found at that address. In Tulsa, defendant was advised the Palmers had not been seen in a month. Defendant was unable to say that the house, "presumably occupied by the Palmers," was still their residence. He had heard the Palmers were "on a preaching tour or revival meeting tour." He was advised the Palmers had conducted a tent meeting in Bentonville and Springdale, Arkansas, but he was unable to trace them further. Since it clearly appears that the witnesses were beyond the jurisdiction of any process which could be issued by the court and, since they had no fixed place of abode, there were no facts to satisfactorily support the contention that they could be located within a reasonable time; or that they would voluntarily return to this state to testify on defendant's behalf. It was entirely problematical where or when these witnesses could be found. State v. Kindred, 148 Mo. 270, 281, 49 S.W. 845; State v. Crane, 202 Mo. 54, 74–75, 100 S.W. 422.

An issue as to diligence clearly appears from this record. Defendant at all times was represented by an attorney who resided in Illinois, and there was testimony that Green and Green were employed solely to obtain the April 16, 1956 continuance. No appearance was made and no order was entered in court in June 1956 and no action was taken until September 16, 1956 to locate the Palmers for the term of court beginning October 1, 1956. The record was sufficient to support a finding that defendant had failed to use diligence to locate and obtain the appearance of the witnesses. State v. Schooley, 322 Mo. 234, 14 S.W.2d 628, 631(3).

The April 16, 1956 affidavit for a continuance had stated: "Defendant states that if such witnesses cannot be present at the next term of court that he verily believes that he can have their testimony by deposition before such term." It clearly appears that no action whatever was taken after that date until September 16, 1956, to even locate the witnesses. Further, in view of the fact that both witnesses had personally appeared and testified in the case on October 4, 1955, and had been examined and cross-examined at length, and a transcript of their testimony prepared, the court could reasonably find want of good faith to either locate or take the depositions of the witnesses. State v. Kimbrough, 350 Mo. 609, 166 S.W.2d 1077, 1084(11–14); State v. Gadwood, 342 Mo. 466, 116 S.W.2d 42, 49 (2). The transcript of the testimony of these witnesses shows that in April 1952, the witnesses resided about 9 miles east of Cabool, near Sargent. They had moved there in 1950 and had removed to Tulsa, Oklahoma in 1953.

On the issue of good faith, appellant contends that his good faith is "substantiated by the fact that he could not proceed with the introduction of other evidence, being unable to establish his primary defense of alibi except by a 'story book' reading of testimony at a former trial." The importance of the personal appearance of the witnesses is discussed at length. See dissent of Sherwood, J., in State v. Jennings, 81 Mo. 185, 203; State v. Berkley, 92 Mo. 41, 48, 4 S.W. 24. Appellant also points to the fact that his request for a continuance was repeatedly presented in the course of the trial; and he further insists that the court erred in each new refusal and in overruling his motion for a new trial.

■ The record presented fails to show any abuse of discretion in ruling the motion for a continuance, and the renewals thereof, or in denying a new trial after defendant had offered no evidence and a verdict had been rendered against him.

Other assignments in defendant's motion for a new trial have been waived or abandoned. Supreme Court Rule 28.02; State v. Johnson, 362 Mo. 833, 245 S.W.2d 43, 49; State v. Hadley, Mo.Sup., 249 S.W.2d 857, 863.

■ The information properly charges robbery in the first degree and includes the words "by then and there putting one John Punder in fear of some immediate injury to his life and limb and person." See

Section 560.120 RSMo 1949, V.A.M.S.; State v. Van Horn, Mo.Sup., 288 S.W.2d 919, 921(3). The jury found defendant "guilty of robbery in the first degree, as charged," and assessed his punishment "at imprisonment in the state penitentiary for a term of 10 years." The punishment assessed is within the limits fixed by Section 560.135. The judgment as entered shows the presence of defendant and his two attorneys and it further recites that "defendant is informed by the court that he has heretofore been found guilty by a jury, of the offense of *robbery*." (Italics ours.) Allocution was then afforded and judgment and sentence entered against him. The judgment further contains this statement, "the said defendant, Marvin Lebeau, having been found guilty by a jury as aforesaid under an information against him." The judgment is in due form except for the reference to the offense as Robbery, instead of Robbery in the first degree. This irregularity is not sufficient to require reversal. State v. Garrett, Mo.Sup., 282 S.W. 2d 441, 444; State v. Harrison, Mo.Sup., 276 S.W.2d 222, 226; Supreme Court Rule 27.11.

The judgment is affirmed.

All concur.