Willie NORWOOD, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 36195.

Missouri Court of Appeals,
St. Louis District,
Division One.

Sept. 16, 1975.

Motion for Rehearing or Transfer
Denied Oct. 22, 1975.

Application to Transfer Denied Dec.
8, 1975.

Charles D. Kitchin, Public Defender, G. Jeffrey Lockett, Michael Guerra, Asst. Public Defenders, St. Louis, for movant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Robert M. Sommers, Asst. Attys. Gen., Jefferson City, Brendan Ryan, Circuit Atty., Richard Heidenry, Asst. Circuit Atty., St. Louis, for respondent.

DOWD, Judge.

Movant pleaded guilty to charges of first degree murder and forcible rape and received two concurrent life sentences. He appeals from the trial court's dismissal of his Rule 27.26 post-conviction relief petition without an evidentiary hearing. Rule 27.-26(e).

On this appeal, movant raises two Points Relied On. Movant's first contention on appeal is that his guilty plea was coerced by the state's use of perjured testimony in a co-defendant's trial that resulted in the imposition of the death penalty on the co-defendant. See *State v. McClain*, 498 S.W.2d 798 (Mo. banc 1973). This point was not raised by movant in his Rule 27.26 petition and thus is not before us for review. *Shubert v. State*, 518 S.W.2d 326 (Mo.App.1975); *Griffith v. State*, 504 S.W.2d 324 (Mo.App.1974).

Movant's second contention is that he was denied effective assistance of counsel because the latter failed to investigate and explore properly the mental competency of his client to enter the guilty pleas. In July, 1971, after he had been charged, movant underwent a mental examination at the Fulton State Hospital to determine whether

he had a mental disease or defect that prevented him from understanding the proceedings against him or assisting in his own defense. § 552.020 RSMo 1969. The psychiatric report, which concluded that movant was mentally competent to stand trial, was signed by a staff physician who was a doctor of osteopathy. Movant contends his trial attorney should have questioned the validity of the psychiatric examination because it was not signed by a psychiatrist.

Section 552.020(2) requires that a person sent to a state facility of the division of mental diseases for a mental examination shall be examined "by one or more physicians whom the superintendent shall designate." The staff physician who signed movant's psychiatric report was a "physician", because osteopaths are specifically defined as physicians under Missouri law. § 334.021 RSMo 1969.

■ Movant relies on *State v. Terry*, 472 S.W.2d 426 (Mo. banc 1971), vacated in part on other grounds, 408 U.S. 940, 92 S.Ct. 2876, 33 L.Ed.2d 763 (1972). In that case defendant questioned the validity of a psychiatric examination because it allegedly was conducted under § 552.020 not by a board-certified psychiatrist but by three doctors of osteopathy who were unqualified to make psychiatric examinations. The Missouri Supreme Court concluded that the evidence showed one of the participating doctors was a board-certified psychiatrist. The court added (at p. 429): "We do not reach or rule the question of whether the statute requires an examination by a board-certified psychiatrist." In the instant case movant has presented no evidence whatsoever that the examining physician was not qualified to conduct a psychiatric examination. Mindful that the osteopath who signed the psychiatric report was a physician under Sections 552.020(2) and 334.021, we find that the report was prepared by an authorized examiner under the statute.

Another factor relevant to this ineffective counsel charge is whether movant's trial counsel himself, despite the results of the mental examination, suspected that movant was incompetent. *Miller v. State*, 498 S.W.2d 79 (Mo.App.1973). At the guilty plea hearing the court extensively explored movant's mental competency to enter his guilty pleas. The court first asked movant whether he felt he was suffering from any kind of mental disease or defect, and the movant gave a negative reply. The court then reviewed the findings of the psychiatric examination. The movant's trial counsel stated that he had read the report, and further noted that in his dealings with movant the latter never had any difficulty communicating with him or understanding anything about the case.

Finally, the trial judge conducted an extremely lengthy and thorough questioning of movant to ensure that he knew the nature of the charges against him and the consequences of his guilty pleas. The court's extensive questioning of movant left no doubt in the mind of the trial judge and in ours that at the time of his guilty pleas movant had the requisite mental competency both to consult with his lawyer with a reasonable degree of understanding and to rationally and factually understand the proceedings against him. *Stroder v. State*, 522 S.W.2d 77 (Mo.App.1975).

■ Under the circumstances of this case, the trial counsel did not demonstrate ineffective assistance of counsel in failing to object to the movant's psychiatric report because it was submitted by an osteopath. Since the examination on its face met the literal requirements of § 552.020 RSMo 1969, trial counsel was not obliged to contest the results. Also, the trial counsel's experience with movant both before and during the guilty plea proceedings evidently convinced him of movant's mental competency. With no reason to doubt either movant's competency or the validity of the psychiatric report, trial counsel was not ineffective in failing to question the psychiatric report because it was submitted by an osteopath.

The trial court was not clearly erroneous when it dismissed the petition without holding an evidentiary hearing. Rule 27.26(e) and (j).

The judgment is affirmed.

WEIER, P. J., and RENDLEN, J., concur.