**STATE of Missouri, Respondent,**

v.

**Leonard HILL, Appellant.**

No. 9722.

Missouri Court of Appeals,
Springfield District.

Nov. 7, 1975.

John C. Danforth, Atty. Gen., Robert H. House, Asst. Atty. Gen., Jefferson City, for respondent.

Paul W. Seabaugh, Cable & Seabaugh, Kennett, for appellant.

Before BILLINGS, C. J., and STONE and TITUS, JJ.

BILLINGS, Chief Judge.

Defendant Leonard Hill was convicted by a jury of arson of insured property [§ 560.-030, RSMo 1969] and his punishment fixed at two years in prison. He contends the trial court erred in denying him a continuance and in failing to give his tendered instructions concerning accomplices' testimony. We affirm.

The sufficiency of the evidence to support the defendant's conviction is not questioned. The jury could reasonably find the defendant engaged the services of one Ayers to burn a motorcycle owned by the defendant so that the defendant could collect the insurance on the vehicle. After Ayers and his companion, Hobgood, beat and burned the cycle, the defendant reported it stolen and subsequently was paid the proceeds of the insurance policy insuring the motorcycle.

Defendant's motion for a continuance because of defendant's alleged condition of

health was orally made before the trial started. According to defense counsel, a Chicago doctor had diagnosed the defendant with having pneumonia shortly before trial and a local physician who saw the defendant the day of the trial opined defendant was ill. The two doctors' reports were marked as exhibits but never offered by defendant in support of his application.

An application for a continuance of a criminal case is addressed to the sound discretion of the trial court. This discretion is wide in scope, and an appellate court will not interfere unless it clearly appears that such discretion has been abused. *State v. Le Beau*, 306 S.W.2d 482 (Mo.1957); *State v. Bibee*, 496 S.W.2d 305 (Mo.App.1973). Determination of whether a defendant is physically able to proceed to trial is within the broad discretion vested in the trial judge. *State v. Walters*, 29 S.W.2d 89 (Mo. 1930). We have reviewed the record in its entirety and find no abuse of discretion in the denial of defendant's application.

Defendant's remaining point concerns the failure of the trial court to give his tendered instructions regarding the credibility of his accomplices' [Ayers and Hobgood] testimony.

The instructions are not set forth in the argument portion of defendant's brief and are therefore not for review. Rule 84.04(e); *State v. Mesmer*, 501 S.W.2d 192 (Mo.App.1973). However, we note (1) the court gave a general witness credibility instruction and (2) such a cautionary instruction as sought by defendant was not mandatory prior to MAI–CR when this case was tried and is forbidden under MAI–CR 2.01, note 2. *State v. Lang*, 515 S.W.2d 507 (Mo.1974).

We find no reversible error.

The judgment is affirmed.

All concur.