STATE of Missouri, Plaintiff-Respondent,

v.

Ronnie Dale CARROLL,
Defendant-Appellant.

No. 10234.

Missouri Court of Appeals,
Springfield District.

Oct. 20, 1976.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Lawrence J. Permuter, Paskal, Edwards & Olian, St. Louis, for defendant-appellant.

Before BILLINGS, C. J., and STONE and TITUS, JJ.

BILLINGS, Chief Judge.

Defendant Ronnie Dale Carroll was convicted of the forcible rape of his 70-year-old aunt. A jury trial was waived, and the court found defendant guilty and assessed punishment at 25 years imprisonment. In

this appeal defendant contends the trial court erred in denying his motions for a continuance and for a hearing on his psychiatric examination. We reverse and remand the case to the circuit court for further proceedings to determine whether defendant was competent to stand trial. § 552.-020, RSMo 1973 Supp.

The sequence of events and proceedings leading up to defendant's trial on December 1, 1975 (all dates are 1975), are relevant to the issues in this appeal.

The information charging defendant with the rape of his aunt was filed in Scott County on March 21. The trial was later set for May 29. On May 22 defendant applied to disqualify Honorable Marshall Craig, the regular circuit judge of Scott County, and the Honorable Rex. A. Henson of the 36th Judicial Circuit was assigned to hear the case as special judge. On June 16 the trial date was rescheduled for July 25. Defendant then on July 17 applied for a change of venue and the cause was transferred to Butler County on July 21. On July 24, the day before the scheduled trial date, defendant filed a motion for a mental examination pursuant to § 552.020.[1] At his formal arraignment the following day, defendant entered a plea of not guilty by reason of a mental disease or defect. On the same day the court sustained his motion for a mental examination and ordered that defendant be taken to the state hospital at Fulton for an examination pursuant to § 552.020.

The written report of the examining doctors at Fulton was filed with the trial court on August 29, although counsel for defendant asserts he did not receive a copy of the report until October 9.[2] This report indicated that defendant was competent to stand trial. On October 14 defendant moved for a further psychiatric examination. This motion was sustained by the court on November 3, on the condition that such further examination be made at defendant's expense and completed prior to

the trial date set for December 1. On November 12 defendant filed a motion to set aside the examination and report of the doctors at Fulton on the ground that he had not been examined by a certified psychiatrist. This motion was denied on November 20.

When the case was called for trial on December 1, defendant filed a motion for a hearing on his psychiatric examination pursuant to § 552.020(6). He also moved for a continuance so that he could have additional time to obtain funds for a psychiatric examination by a physician of his own choosing. Both motions were denied and the court proceeded with the trial.

We reject defendant's contention that the trial court erred in denying his motion for a continuance. Although Supreme Court Rule 25.08 provides that continuances may be granted for good cause shown, it is well settled that an application for a continuance in a criminal case is addressed to the sound discretion of the trial court. This discretion is wide in scope, and the appellate court will not interfere unless it is clearly shown that such discretion has been abused. *State v. LeBeau,* 306 S.W.2d 482, 486 (Mo.1957); *State v. Hill,* 530 S.W.2d 50, 51 (Mo.App.1975); *State v. Bolden,* 525 S.W.2d 625, 631 (Mo.App.1975).

We have reviewed the record of this case and find no abuse of discretion by the trial court in denying the continuance. When defendant moved for the continuance and additional time to obtain funds to pay a doctor of his own choosing to conduct a mental examination, the court reviewed the history of the proceedings outlined above and found that defendant had been given ample time to obtain another examination. Although counsel for defendant stated he did not receive a copy of the report on the Fulton examination until October 9 and his subsequent motion for a further examination was not sustained until November 3, we cannot say the trial court clearly abused

---

1. All further statutory references are to RSMo 1973 Supp., and V.A.M.S.1976 Supp.

2. § 552.020(4) requires the clerk of the court to deliver copies of the report to the prosecuting attorney and to the accused or his counsel.

its discretion in denying another continuance. The case was already ten months old and several times the trial had been continued for the reasons herein enumerated. The point is denied.

Defendant's remaining point concerns the failure of the trial court to hold a hearing on his competency to stand trial. § 552.020 provides that a written report of the psychiatric examination shall be filed with the clerk of the court and shall contain an opinion as to defendant's competency to stand trial. § 552.020(6) then provides as follows:

If neither the state nor the accused nor his counsel contests the opinion . . . , the court *may* make a determination and finding of record on the basis of the report filed or may hold a hearing on its own motion. *If any such opinion is contested the court shall hold a hearing on the issue.* . . . (emphasis added).

Defendant filed his motion for a hearing on the psychiatric examination on December 1, the trial date. This motion stated that defendant contested the psychiatric report from Fulton and asked for a hearing with the right to summon and cross-examine the physicians who conducted his examination, pursuant to § 552.020. The court denied the motion on the ground it was not filed in time.

 We are compelled by controlling decisions of our Supreme Court to hold defendant was entitled to a competency hearing, even though his motion for such was not filed until the day of the trial. In *State v. Stock,* 463 S.W.2d 889 (Mo.1971), the court held that the procedure to obtain a hearing on the issue of competency may be invoked anytime *prior to sentencing.* The court said, 463 S.W.2d at 894:

"We are of the opinion that appellant was entitled to a hearing. As noted in *State v. Lowe,* Mo., 442 S.W.2d 525, § 552.020, pertaining to mental disease or defect excluding fitness to proceed with trial does not require that the motion provided for be filed at any particular

time, and § 552.010 provides that no person who lacks such capacity shall be tried, convicted or *sentenced* so long as the incapacity exists. This implies that the motion can be made any time before sentencing. In *McCormick v. State,* Mo., 463 S.W.2d 789 this court stated that § 552.-020 requires only that the trial court *may* hold a hearing on the issue of competency to stand trial on its own motion, and *shall* hold a hearing when the psychiatric report made pursuant to par. 3 of § 552.020 is contested."

Other cases have also construed § 552.020(6) to mean that the trial judge has discretion only when the psychiatric report is not contested. If the report is contested, the court must hold a competency hearing. *Newman v. State,* 481 S.W.2d 3, 6 (Mo.1972); *Boyer v. State,* 527 S.W.2d 432, 436 (Mo.App.1975); *Bibbs v. State,* 504 S.W.2d 319, 323 (Mo. App.1974), cert. denied, 419 U.S. 852, 95 S.Ct. 95, 42 L.Ed.2d 84 (1974).

The state argues that defendant's only objection to the Fulton examination was that it was conducted by a doctor of osteopathy and not a certified psychiatrist. It then argues that this was a completely meritless objection and thus any error in failing to grant defendant a competency hearing was not prejudicial. Although our Supreme Court has not decided this question,[3] two recent cases from the St. Louis District hold that a doctor of osteopathy is a "physician" within the meaning of § 552.020. *State v. Mullen,* 532 S.W.2d 794, 798 (Mo.App.1975); *Norwood v. State,* 529 S.W.2d 465, 466 (Mo. App.1975). We do not think it necessary to rule this question, because the record shows that defendant's objections to the psychiatric report were not so narrow as the state contends. Defendant's motion for a hearing on the psychiatric examination stated that he contested the report and asked for a hearing with the right to summon and cross-examine the physicians who conducted the examination. Although counsel for defendant stated to the trial court that the

---

3. In *State v. Terry,* 472 S.W.2d 426 (Mo. banc 1971), the court did not reach the question of whether § 552.020 requires an examination by

a board-certified psychiatrist, since there was evidence that one of the examining doctors was a board-certified psychiatrist.

basic ground of contest was that the report was not made by a certified psychiatrist, he also stated there were other points of challenge. Under these circumstances, defendant should have been given a hearing to determine his competency to stand trial, as provided in § 552.020(6).

■ We believe the proper relief in this case is to remand the case to the trial court so that it may hold a hearing to determine whether defendant was competent to stand trial on December 1, 1975. Although the United States Supreme Court has recognized the hazards of retrospective competency hearings,[4] there is no per se rule against such. *United States ex rel. McGough v. Hewitt,* 528 F.2d 339, 343 (3d Cir. 1975); *Barefield v. State of New Mexico,* 434 F.2d 307 (10th Cir. 1970) cert. denied, 401 U.S. 959, 91 S.Ct. 969, 28 L.Ed.2d 244 (1971); *Harkins v. State,* 494 S.W.2d 7, 13 (Mo.1973). The trial was held only one year ago, and the trial court will have the benefit of its own recollections and the trial transcript in evaluating defendant's competency as of that time. *United States v. Makris,* 535 F.2d 899, 904 (5th Cir. 1976); *United States ex rel. McGough v. Hewitt,* supra, 528 F.2d at 344. In addition, the psychiatric report from Fulton and presumably the examining doctors will be available to shed some light on the issue. *Bruce v. Estelle,* 483 F.2d 1031, 1043 (5th Cir. 1973); *Crail v. United States,* 430 F.2d 459, 461–462 (10th Cir. 1970).[5]

In view of the foregoing we reverse the judgment and remand the cause with directions that the trial court hold the "hearing on the issue" as provided in § 552.020(6), and after determination of that issue, then, depending upon its findings, accord defendant allocution, re-sentence him and enter a new judgment or take the action contemplated by par. 7 of § 552.020, and such other action as is proper under the circumstances.

*State v. Stock,* 463 S.W.2d 889, 895 (Mo. 1971). It is so ordered.

All concur.

---

4. See, *Drope v. Missouri,* 420 U.S. 162, 182, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975); *Pate v. Robinson,* 383 U.S. 375, 387, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966).

5. See also, *Bruce v. Estelle,* 536 F.2d 1051, 1057 (5th Cir. 1976); *Carroll v. Beto,* 446 F.2d 648,

649 (5th Cir. 1971), cert. denied, 405 U.S. 1030, 92 S.Ct. 1229, 31 L.Ed.2d 488 (1972); *Conner v. Wingo,* 429 F.2d 630, 637–640 (6th Cir. 1970), cert. denied, 406 U.S. 921, 92 S.Ct. 1779, 32 L.Ed.2d 121 (1972).