STATE of Missouri, Respondent,

v.

Willis Glenn OWENS, Appellant.

No. 37187.

Missouri Court of Appeals,
St. Louis District,
Division One.

May 11, 1976.

Robert C. Babione, Public Defender, Thomas J. Prebil, James C. Jones, Asst. Public Defenders, St. Louis, for appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., Thomas C. Muldoon, Asst. Circuit Atty., St. Louis, for respondent.

RENDLEN, Judge.

Willis Glenn Owens appeals his conviction on two counts of rape, § 559.260, RSMo.

1969, two counts of robbery first degree, § 560.120, one count of sodomy, § 563.230, and consecutive sentences of imprisonment on the five crimes aggregating sixteen years.

Appellant's sole contention of error concerns the trial court's refusal to grant a continuance. On the morning of trial appellant moved for continuance claiming a news article published the day before in a local daily newspaper prejudiced the prospective jurors against appellant. The published article did not concern appellant or the crimes for which he stood charged; instead it reported an alleged rape of two girls, one of whom was murdered in Philadelphia, Pennsylvania, the previous day. It was quite unrelated except the coincidence of appellant's being charged with rape and robbery of two young ladies in St. Louis one year earlier.

Denying appellant's motion, the trial court stated that while there was no showing of prejudice, appellant was not precluded from raising the matter "at a later time," presumably referring to voir dire of the panel.

The panel was sworn, voir dire conducted, the jury selected, but before the jurors were sworn, appellant renewed his motion for continuance, offering the "offending" newspaper article as defendant's Exhibit "A". Overruling the renewed motion, the court reiterated, "I don't see that any prejudice from that newspaper article had been shown to this court, and for that reason I am overruling it." Opposing the motion, the circuit attorney had earlier argued it had not been demonstrated the article would prejudice "this particular defendant" and that the State could rarely "go to trial in the City of St. Louis on any rape case if we were to continue it just because articles have appeared in the papers," contending further the problem would be "more properly one for voir dire examination rather than for a continuance." The transcript contains nothing of the voir dire examination and appellant does not suggest that any fact developed there demonstrated

prejudice of the veniremen resulting from the news story.

As a general rule, the trial court has wide discretion in determining whether an accused is entitled to a continuance because publicity concerning the case would prevent a fair and impartial trial. *State v. Spica*, 389 S.W.2d 35, 41[5] (Mo.1965), cert. denied, 383 U.S. 972, 86 S.Ct. 1277, 16 L.Ed.2d 312 (1966), citing *Finnigan v. United States*, 8 Cir., 204 F.2d 105; *State v. Golden*, 353 Mo. 585, 183 S.W.2d 109 (1944), cert. denied, 324 U.S. 874, 65 S.Ct. 1013, 89 L.Ed. 1427 (1945). See also *State v. Glenn*, 429 S.W.2d 225, 230[1, 2] (Mo.banc 1968). Because of its vantage point when ruling requests for continuances based on pre-trial publicity, the trial court's decision will not be lightly disturbed and "it requires a very strong showing to induce the higher court to interfere." *State v. Brookins*, 468 S.W.2d 42, 45[1] (Mo.1971); *State v. Golden*, *supra* at 113[2].

To require a continuance absent "extraordinary or unusual circumstances" movant must demonstrate pre-trial publicity has had a prejudicial effect on the panel. The rule was stated as follows by the Missouri Supreme Court in *Brookins*, *supra* at 45:

"[P]ublic excitement or prejudice is not of itself a sufficient cause for the continuance of a criminal case, at least where such excitement or prejudice is not such as to prevent a fair and impartial trial. The mere fact that there has been widespread adverse pre-trial publicity about accused does not, by itself, establish the reasonable probability that accused cannot obtain a fair and impartial jury at the trial so as to entitle him to a continuance."

In *State v. Spica*, *supra* at 41, the court, refusing a request for continuance because of alleged prejudicial pre-trial publicity stated: "In the vast majority of such cases . . . the proper procedure is not to postpone the trial, but to proceed to trial and to determine on the voir dire of the panel and the individual talesmen whether a fair and impartial jury can be selected."

A factual situation similar to that under consideration appeared in *State v. Arrington*, 375 S.W.2d 186 (Mo.1964). Before and during trial the defendant, charged with rape, made three motions for continuance because of publicity concerning a brutal rape and murder which had occurred one week prior to trial. Nothing in the record disclosed "any question was asked the panel members which was designed to inquire into their knowledge concerning or the effect upon them of the publicity in connection with the other rape case," 375 S.W.2d at 189[1]. The Missouri Supreme Court found, as we do here, the trial court had not abused its discretion refusing to grant a continuance since nothing in the record indicated defendant was automatically prejudiced and a fair trial made impossible.

Finally when an appellant contends his conviction should be overturned on the ground it was error to deny his request for a continuance because of pre-trial publicity, it has been held such contention "must be rejected if the defendant does not show that the jurors who tried the case were actually influenced or prejudiced by the pretrial publicity of which he complains." *State v. Brookins*, supra at 45–6[1]. Here, as in *Brookins*, appellant does not contend any juror who heard the case should have been excused or that a challenge to any juror was erroneously denied. Appellant's allegation of error is without merit. Judgment affirmed.

WEIER, P. J., and McMILLIAN, J., concur.