STATE of Missouri, Respondent,

v.

Terry Lee ABBOTT, Appellant.

No. KCD 28392.

Missouri Court of Appeals,
Kansas City District.

Jan. 31, 1977.

Motion for Rehearing and/or Transfer
Denied Feb. 28, 1977.

Thomas M. Larson, Public Defender, Lee M. Nation, Asst. Public Defender, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P. J., and SWOF-FORD and SOMERVILLE, JJ.

SWOFFORD, Judge.

The appellant (defendant) was convicted of Burglary Second Degree and Stealing and was sentenced by the court, under the Second Offender Act, to five (5) years on each offense, the sentences to run concurrently. He raises two points on this appeal. First, that the trial court erred in failing to grant judgment of acquittal because the evidence was insufficient to sustain a conviction for Burglary and Stealing. Second, that the trial court erred in failing to give mandatory Instruction MAI-CR 1.08.

The state's evidence of the defendant's criminal agency in the burglary and stealing is based upon circumstantial evidence, as hereafter related. The defendant takes the position that such evidence was insufficient to support his conviction under the well recognized and unchallenged doctrine as stated in the case of *State v. Sallee,* 436 S.W.2d 246, 249–250[1] (Mo.1969), where the court said:

> "The general guide for testing the sufficiency of circumstantial evidence is whether the facts and circumstances relied upon by the State are consistent with each other and with the hypothesis of defendant's guilt, and are inconsistent and irreconcilable with his innocence, and point so clearly and satisfactorily to his guilt that they exclude every reasonable hypothesis of innocence. (Cases cited)."

■ To like effect are *State v. Walker,* 365 S.W.2d 597, 601[5] (Mo.1963); *State v. McGlathery,* 412 S.W.2d 445, 447[2] (Mo. 1967); *State v. Thomas,* 452 S.W.2d 160, 162[1] (Mo.1970); and cases collected 9 Mo. Digest, Criminal Law ⬦552(3). Neither the state nor this court has any argument with the soundness of that rule, but it is also the law that any fact may be proved by circumstantial evidence, including the criminal agency of the defendant. *State v. Chase,* 444 S.W.2d 398, 401–402[2] (Mo. banc 1969), and cases cited therein.

■ A further refinement of the foregoing general rule is that where a case rests upon circumstantial evidence, the circumstances need not be absolutely conclusive of guilt and they need not demonstrate the impossibility of innocence. *State v. Maxie,* 513 S.W.2d 338, 343[5] (Mo.1974); *State v. Brunson,* 516 S.W.2d 799, 803[7] (Mo.App. 1974).

■ In testing the sufficiency of the evidence in a criminal prosecution, this court is bound to consider the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the state, and to reject all evidence and inferences to the contrary. *State v. Watson,* 350 S.W.2d 763, 766[1] (Mo.1961); *State v. Boone,* 490 S.W.2d 318, 320[1] (Mo.App.1973); *State v. Harrison,* 539 S.W.2d 119, 121[6] (Mo.App. 1976). The scope of review thus delineated applies with equal vigor to direct and circumstantial proof. *State v. McGlathery,* 412 S.W.2d 445, 447[1] (Mo.1967).

■ The ultimate resolution of defendant's first point, considering the total facts and circumstances as shown by the evidence, requires a determination, under the foregoing principles, of whether or not a reasonable and fair inference may be reached that the defendant was a participant in the crime. *State v. Simmons,* 494 S.W.2d 302, 304–305[3] (Mo.1973).

Eddie and Betty Smith left their home at 3512 East 58th Street Terrace in Kansas City, Missouri with their son on October 13, 1974, at about 7:00 p.m., to visit Mrs. Smith's mother. Before leaving, Mr. Smith locked both the front and the back doors and the windows were secured. The front door, he locked from the outside, so that he could not and did not fasten the safety chain installed on the inside of the door. Upon the Smiths' return to their home at about 9:00 p.m., he discovered that he could not open the front door because the safety chain had been fastened. He observed through a window that one of his TV sets was missing and heard noises inside the house like someone running toward the rear. Mr. Smith thereupon ran around the side of the house to the back door, which

was wide open. He entered the back door into the kitchen and observed "stuff all over the floor". He let his wife and son in the front door; told her to call the police; obtained a handgun from his kitchen, and thus armed, ran into his back yard.

There is a partial unused alley behind the Smith property and a three-foot fence and bushes along the rear of the back yard. While Smith was looking over his back yard, he heard a "mumbling" and "rustling bushes around" in the back yard and right next to the alley. Upon approaching the area of this noise, Smith discovered two Negro males, one of whom was the defendant, kneeling in the bushes. He brought these two to the front of his house where he held them until the police arrived and placed them under arrest.

Upon further search of the back yard, Smith and one of the police officers found the Smiths' 19-inch TV set, stereo component and speaker on the ground in some bushes near where the defendant and his companion were apprehended.

The Smith home had been ransacked, including a bedroom and a dresser therein, which contained Mr. Smith's clothing. A window in the bedroom had been opened. Mrs. Smith had laundered four pairs of her husband's white socks that day and placed them in a drawer in his dresser, with two clean pairs already in the drawer. An "inventory" of the clothing disclosed only five pairs of these socks in the house. The missing pair was found in the back pocket of Vernon Henderson, the person found in the bushes and apprehended with the defendant. Two police officers testified that burglars often use this type of sock to conceal their fingerprints. Both Mr. Smith and his wife identified the socks as the missing pair owned by Mr. Smith.

Neither the defendant nor Vernon Henderson testified in the trial and the record does not contain any testimony as to any oral or written statement made by either of them. No explanation of their presence in the bushes in close proximity to each other and to the stolen goods was proffered.

A burglary of the Smith residence was undeniably committed. The jury could reasonably find from the evidence: That during the Smiths' absence from their home, the burglar or burglars entered the house through a bedroom window; took a pair of Mr. Smith's clean socks to prevent fingerprints; secured the front door with the inside lock; ransacked the house; removed the TV, stereo and speakers through the back door and placed them in the back yard for further transportation; returned to the interior for further looting; and, that while so engaged, they were surprised by the return of the Smiths and fled through the back door. Further, the jury could find that within a very short time, Mr. Smith apprehended the defendant and Henderson hiding in bushes at the back of the property within a few feet of the stolen items in the back yard, and that defendant's companion had the stolen socks in his pocket. In the absence of evidence of any other persons or vehicles in the vicinity and any explanation of their presence in this situation, the reasonable inference could be (and was) drawn by the jury that the defendant and Henderson were the burglars.

This court cannot declare as a matter of law that this evidence was so insufficient as to require the court to enter a judgment of acquittal. Rule 26.10, Rules of Criminal Procedure; State v. Colthorp, 437 S.W.2d 75 (Mo.1969); State v. Thompkins, 515 S.W.2d 808, 812 (Mo.App.1974); State v. Mayfield, 520 S.W.2d 680, 683[2] (Mo.App.1975). Defendant's guilt or innocence was a jury issue.

Each case of this nature must be determined in the light of its own facts under the principles hereinabove discussed. Each of the authorities cited by the defendant in support of his position has been carefully reviewed and found to be inapposite on the facts. Defendant's first point is ruled against him.

The trial of this case commenced on Monday, September 8, 1975. The first occasion, after the jury was sworn, that a recess was declared was the afternoon break of that

day. At that time, the trial court admonished the jury as required at the first recess by MAI-CR 1.08(a), as follows:

> "It is the Court's duty to instruct you now upon a matter *about which you will be reminded at each recess or adjournment* of the Court. *Until this case is given to you to decide* you must not discuss any subject connected with the trial among yourselves, or form, or express any opinion about it. *And until you are discharged as jurors,* you must not talk with others about the case, or permit them to discuss it with you, or in your hearing, or read, view, or listen to any newspaper, or television report of the trial.
>
> The bailiff and other officers of the Court are not permitted to talk to you about any subject connected with the case, and you are not permitted to talk to them about it. \* \* \*" (Emphasis supplied)

At the time the jury was excused at the evening adjournment September 8, 1975, the court admonished the jury, as required at recesses or adjournments (subsequent to the first) by MAI-CR 1.08(b), as follows:

> "The Court again reminds you of what you were told at the first recess of the Court. *Until you retire to consider your verdict,* you must not discuss this case among yourselves, or with others, or permit anyone to discuss it in your hearing. You are not to form or express any opinion about the case *until it is finally given to you to decide.*" (Emphasis supplied)

The parties agree and the record discloses that MAI-CR 1.08(b) was not given before the noon recess the following day, September 9, 1975, and that omission forms the basis for defendant's second point on this appeal. It should be noted, however, that at the adjournment the evening of September 9, the jury was again given MAI-CR 1.08(b) and the verdict was returned the following day.

It is conceded that under Rule 20.02(a), Rules of Criminal Procedure, MAI-CR 1.08 must be used. The giving of MAI-CR 1.08(b) before each recess is mandatory, and a failure to do so is error. However, Rule 20.02(e) provides:

> "*Violation of Rule—Effect.* Giving or failing to give an instruction or verdict form in violation of this Rule or any applicable Notes on Use shall constitute error, *its prejudicial effect to be judicially determined.*" (Emphasis supplied)

Rule 20.02 finds its counterpart on the civil side in Rule 70.01, Rules of Civil Procedure. Under the latter rule, courts called upon to "judicially determine" the prejudicial effect of the error arising from a failure to comply with its strict mandate have frequently held that minor violations are not to be deemed prejudicial. For example, see: *State Farm Mutual Automobile Insurance Co. v. Jessee,* 523 S.W.2d 832, 836[7] (Mo.App.1975), and *Ernst v. Emerick,* 525 S.W.2d 573, 574[1] (Mo.App.1975). Likewise, courts have judicially determined that, dependent upon the facts of each case, minor deviations or violations in criminal cases did not constitute such prejudicial error so as to require reversal. *State v. Fox,* 521 S.W.2d 507, 510–511[3, 4, 5] (Mo.App. 1975), involving MAI-CR 7.62; *State v. Billingsley,* 534 S.W.2d 484, 485[3] (Mo.App. 1975), involving MAI-CR 2.03 and MAI-CR 2.80; and, *State v. Knox,* 529 S.W.2d 455, 463[11] (Mo.App.1975), involving MAI-CR 7.62.

Prior to MAI-CR 1.08, the area of trial admonishment of juries before recess or adjournment was covered by Section 546.-230 RSMo1969. Failure to comply with the strict terms of that statute has commanded the attention of the appellate courts.

In *State v. Harris,* 477 S.W.2d 42, 46[6] (Mo.1972), the court noted that the statute required the trial court, at each recess or adjournment, to admonish the jury

> "that it is their duty not to converse among themselves, nor to suffer others to converse with them or in their hearing on any subject connected with the trial, or to form or express any opinion thereon, until the cause is finally submitted to them."

In *Harris,* the court's admonition consisted in telling the jury, "Don't talk about the case, don't hear it discussed", which the court held constituted substantial compliance with the statute, and that "absolute and literal compliance" therewith was not required.

In *State v. Brown,* 502 S.W.2d 295, 299[3, 4] (Mo.1973), the trial court failed to meet the requirements of Section 546.230 by simply stating at each recess that the jury was to "keep in mind" its previous admonition. The court in *Brown* (following *Harris* ) held the admonishment adequate under the statute and added, "but assuming some deficiency, the error was harmless beyond a reasonable doubt." The court in *Brown* also noted:

" * * * Appellant's counsel interposed only a general objection on the ground that the admonishment was not complete, but he did not state in what respects he considered there was a deficiency, * * *
*Appellant makes no effort to demonstrate any improper conduct of the jury resulting from what he contends was a failure to comply with the statute.* * * * " (Emphasis supplied)

In *State v. Vernor,* 522 S.W.2d 312, 316–317[6] (Mo.App.1975), a case decided under Rule 1.08, the trial court failed to give a verbatim admonition to the jury at a recess as required by Rule 1.08(b) and such failure was urged as reversible error. In *Vernor,* the court said:

"MAI–CR No. 1.08(b) is substantially the same as the admonition required in pre-MAI days by § 546.230, RSMo 1969, V.A. M.S. * * * The requirements under MAI–CR are more stringent than under § 546.230. *Absolute and literal compliance with MAI–CR is ordered and expected by the Supreme Court.* Any deviation from the printed page now constitutes error, *the prejudicial effect of which is to be judicially determined.* Rule 20.02(e). For the same reasons excusing literal compliance with § 546.230 in *State v. Brown,* supra, we find the error harmless in this case." (Emphasis supplied)

A very recent case of *State v. Gaye,* 532 S.W.2d 783, 792–793[6] (Mo.App.1976) involved the failure of a trial court to strictly comply with the mandate of Rule 1.08(a), wherein such failure was asserted as reversible error. The court held that the admonishment of the court adequately met the requirements of Rule 1.08(a) and, while error, was harmless "in the absence of any showing of misconduct" of the jury.

It is true that in each of these cases *some* admonition was given the jury, however imperfect or inadequate, and here before the noon recess on September 9, 1975, *no* admonition was given.

The following facts are very relevant: The jury here involved had, prior to the time of this omission, been fully admonished as required by Rule 1.08(a) and Rule 1.08(b); the jury was given instruction under Rule 1.08(b) subsequent to such omission; counsel for the defendant did not at the time (nor at any time until the motion for a new trial) object to this omission or ask that the instruction be given, or ask that the jury be polled as to its conduct during that particular recess, or ask for a mistrial; neither did he attempt to demonstrate any misconduct of the jury by reason of the omission. Further, the trial judge was in a position to "judicially determine" if this omission had any prejudicial effect upon this particular jury or affected its verdict, by reason of his observation of their conduct, his appraisal of their personalities, backgrounds and characters, and he did, in fact, make such determination by overruling the defendant's motion for a new trial. This court finds nothing in the record of the trial, nor here, that would compel a different determination. The omission, under the particular facts of this case, while error, is held to be nonprejudicial and harmless.

This ruling is not to be considered as any attempt to soften the requirement of absolute and strict compliance by both bench and bar to the mandatory requirements of MAI–CR and the Notes on Use. Any deviation therefrom flys in the face of the deci-

sions of the Supreme and appellate courts of this state. This ruling is confined solely to the facts before this court in this case, and merely represents an exercise of the obligation and authority reposed here by Rule 20.02(e). The defendant's second point is ruled against him.

The judgment is affirmed.

All concur.