STATE of Missouri,
Plaintiff-Respondent,

v.

Clifford R. COMBS, Defendant-Appellant.

No. KCD 29290.

Missouri Court of Appeals,
Kansas City District.

Feb. 27, 1978.

Motion for Rehearing and/or Transfer
Denied April 3, 1978.

Application to Transfer Denied
May 9, 1978.

Clifford A. Cohen, Public Defender Lee M. Nation, Asst. Public Defender, Kansas City, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Daniel F. Lyman, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Before SOMERVILLE, P. J., and DIXON, and TURNAGE, JJ.

DIXON, Judge.

Defendant appeals a conviction for burglary and stealing and a court-imposed sentence of four years under the Second Offender Statute.

Defendant raises three points: first, failure of the trial court to strike the jury panel because the jury selection system excludes women; second, the trial court failed to give MAI–Cr 1.08 at all recesses; third, the refusal of an accomplice instruction.

Sufficiency of the evidence is not raised, and there was substantial evidence to show that defendant broke into a school building and stole property of the school district.

As to the defendant's first point, the issue is resolved by *State v. Duren,* 556 S.W.2d 11 (Mo. banc 1977), and needs no further discussion.

■ With respect to the issue raised by the defendant concerning the failure of the trial judge to give MAI–Cr 1.08(a), some additional discussion of the record evidence is required. At the beginning of the trial, the court read MAI–Cr 1.08(a). At the noon recess, the court read MAI–Cr 1.08(b) as a reminder of their obligation not to discuss the case. Thereafter, a short recess was taken by the court for the purpose of advising the defendant's accomplice of his right not to incriminate himself before he testified. Before the recess, the court said to the jury, "Would you keep in mind what I asked you previously about discussing the case." It is true that under MAI–Cr, absolute and literal compliance with the directions concerning the admonishment of juries is ordered and expected by the Supreme Court. *State v. Vernor,* 522 S.W.2d 312, 316 (Mo.App.1975), and a deviation from the literal language of MAI–Cr constitutes error, the prejudicial effect of which is to be judicially determined. *Vernor, supra.* Rule 20.02(e). In *Vernor,* the failure to give the exact instruction was held to be harmless since the trial court had admonished the jury not to talk about the case. So also in *State v. Gaye,* 532 S.W.2d 783 (Mo.App.1975), the court warned the jury not to discuss the case but did not use the language of MAI–Cr. It was held to be harmless since it adequately covered the substance of MAI–Cr 1.08(a), and in *State v. Abbott,* 547 S.W.2d 853 (Mo.App.1977), a subsequent failure to give any admonishment after an initial admonishment had

been given was held to be harmless where no objection was made and where there was no demonstration of misconduct by the jury. There is no demonstration of misconduct by the jury in this case, and the failure of the trial court to use the literal language of MAI–Cr is of less consequence than the total failure in *State v. Abbott.* There was no objection to the manner in which the jury was admonished in this case. There is no prejudicial effect from the error of the trial judge in failing to use the literal language of MAI–Cr.

As to the refusal of the accomplice instruction, the Notes on Use to MAI–Cr 2.01 provide that no instruction of a cautionary nature as to uncorroborated evidence should be given other than MAI–Cr 2.01. The precise issue was dealt with in *State v. Carlos,* 549 S.W.2d 330 (Mo. banc 1977), and in *State v. Hill,* 530 S.W.2d 50 (Mo.App. 1975).

Judgment and conviction affirmed.

All concur.