**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Charles L. SMITH, Defendant-Appellant.**

**No. 46289.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Aug. 21, 1984.

Don Kohl, Asst. Pros. Atty., St. Charles, for plaintiff-respondent.

Robert S. Adler, St. Louis, for defendant-appellant.

SIMON, Judge.

Charles Leon Smith (defendant) appeals his conviction, pursuant to the jury's verdict in the Circuit Court of St. Charles County, of burglary in the first degree and sexual abuse in the first degree. He was sentenced to 15 years for burglary and five years for sexual abuse, said sentences to run consecutively.

On appeal, defendant contends the trial court erred in: (1) failing to sustain defendant's motion to suppress evidence obtained without a search warrant where no exigent circumstances existed for an inventory search; (2) permitting the investigating officers to testify to the victim's out of court photographic identification of defendant because such testimony was an improper bolstering of the identification and cumulative; (3) admitting the in-court identification of the defendant because it was a product of a highly suggestive out of court photographic identification conducted without counsel; (4) failing to sustain a motion for mistrial when evidence which the prosecutor had said he would not present pursuant to defendant's motion in limine was presented. We affirm.

A brief rendition of the factual setting viewed in a light most favorable to the

jury's verdict is set forth. *State v. Stapleton*, 518 S.W.2d 292, 296 (Mo. banc 1975). The victim resides alone in a first floor apartment in St. Charles County. On a warm evening, the victim clad in shorts and a top was doing her laundry while watching television with the volume set at a high range. She was walking back and forth from the laundry room to her bedroom to hang clothes. A sliding door to her apartment was open but the screen was locked. A bedroom window was opened a few inches but a board with a book had been inserted to secure this position.

About 10:15 p.m., when the victim entered her bedroom with a load of clean clothing she observed a man, later identified as the defendant, standing against the wall inside the doorway. The victim, while screaming, attempted to back up, but the man moved toward her and put his hand over her mouth to muffle her screams. He forced her to the floor and putting all of his weight on her attempted to remove her clothing. The bedroom light was on and lights in the other rooms were also on. He pulled off her shorts and underclothing and proceeded to put his finger into her anus while continually threatening her life. At no time did she consent to this activity. While struggling to free herself, she managed to knee the man in the groin and he escaped through the bedroom window. The victim began to scream loudly and her screams were heard by other residents of the apartment complex who reported the disturbance to police.

A short time later, two detectives arrived in answer to a dispatch call and the victim gave them a detailed description of her assailant. Another officer (Jim Hudson) who had heard the same call proceeded to the scene. He was then informed that the scene was being covered by two detectives. He was advised of the assault and given a description of the assailant. Then the officer received a call to investigate an accident around the S-curve of South River Road. Upon arrival, he observed a blue Lincoln Continental with Texas plates sitting in a field off the road. Apparently abandoned, the car had been left with its head and interior lights on and the driver's door open.

The officer approached the car looking for the driver or any passengers. Upon looking around the car the officer picked up a heavy scent of men's cologne and subsequently observed, in plain view, a bottle of aftershave lotion and a pair of shoes on the floorboard and a suit coat and screwdriver on the front seat of the car. He then reported to the dispatcher what he had discovered and asked that one of the detectives at the assault scene respond to his location. One detective drove to the accident site while the other remained at the victim's apartment.

Upon arrival, the officer advised the detective of what he had seen and the detective looked inside the car and observed a photograph protruding from under the front seat on the floor of the car. In his plain view was also the blue suit coat and the bottle of aftershave, which he took, along with the photograph, to the assault scene and showed the photograph to the victim and asked whether the man in the photograph was her assailant. At no time did the detectives suggest that the man in the photograph was a suspect. The victim unequivocally identified defendant. She identified the aftershave scent as the same as he had worn. Also, she said that the coat matched the pants he had worn. A fingerprint analysis further implicated defendant and he was subsequently arrested for burglary in the first degree and sexual assault in the first degree.

Defendant's pretrial motions included a motion to suppress the photo identification as fruit of an unconstitutional search which was denied and a motion in limine to prevent the introduction into evidence of the screwdriver as being highly prejudicial. The motion in limine was mooted when the prosecutor said he would not introduce the screwdriver into evidence.

During the trial one of the investigating detectives made mention of the screwdriver in listing items taken from the defendant's car. The defense objected and moved for

mistrial which was denied. The defense never asked for a jury admonition. Subsequently, the jury returned a verdict of guilty as to both charges. A motion for a new trial was denied.

 On appeal, defendant initially contends that the trial court erred in overruling his motion to suppress the suit coat, the bottle of aftershave lotion and his photograph in that such evidence was obtained without a search warrant under the guise of an inventory search where no exigent circumstances existed in violation of his Fourth Amendment rights. Absent a search in the first instance, no unreasonable search and unlawful seizure can take place. There is no search where an officer observes items in plain view while performing a legitimate investigative function. *State v. Rankin*, 477 S.W.2d 72, 75 [4, 5] (Mo.1972). Here, the record shows that Officer Hudson was responding to a call for an accident near the S-curve of the South River Road when he observed a Lincoln Continental with interior and headlights on and the driver's door open, setting in a field off the South Service road. Upon checking the scene for the driver or passengers of the car, Hudson perceived a heavy scent of aftershave lotion and then observed a suit coat and bottle of aftershave on the front floor and a screwdriver on the front seat of the car. Hudson discovered these items while responding to an accident call. He had a legitimate right to be where he was when he first observed these items. The photograph was likewise the subject of plain view observation. Detective Duraski observed the photograph lying on the floor of the automobile, in plain view, while looking at the items found by Officer Hudson. Observation of that which is open to plain view is not a search. *Rankin*, id. at 75–6 [4–5]; *State v. Hawkins*, 362 Mo. 152, 240 S.W.2d 688, 692 [3–5] (1951). Thus, the evidence was not taken pursuant to a search. Defendant's point is without merit.

 In his second point, defendant contends that the trial court committed plain error in permitting the investigating officers to testify to the out-of-court photographic identification of the defendant by the victim in that such testimony was an improper attempt to bolster such identification and deny him due process. Failing to timely object at trial, defendant did not preserve this point. On appeal, the question is whether the admission of the officers' testimony resulted in manifest injustice and jeopardized defendant's right to a fair trial. The record shows that the victim had unequivocally identified the defendant in court before the jury, had given a detailed description of the defendant to the officers about five minutes after the crime occurred, and immediately identified the defendant as her attacker in the photograph shown to her by the police within two hours of the occurrence. She did not mistakenly identify any other person as her attacker. Furthermore, the photograph was found in defendant's car and fingerprints taken at the victim's apartment were identified as those of the defendant. Further, the prosecutor did not overemphasize the officers' testimony. The admission of this testimony in a close case may call for a reversal, but here, the evidence of guilt is strong, so the error did not result in manifest injustice. *State v. Degraffenreid*, 477 S.W.2d 57, 65 [15] (Mo. banc 1972).

 In his third point, the defendant contends that the trial court committed plain error in admitting the in-court identification of the defendant because it was the product of an out-of-court identification of the defendant's photo which was highly suggestive and conducted without counsel. Though the defendant moved to suppress the out-of-court identification in a pretrial motion and also in his motion for new trial, he failed to preserve the issue for review through timely objection during the trial. Therefore, we review pursuant to the plain error rule, and there must be a showing that the error resulted in manifest injustice to the defendant. Rule 29.12(b). If an in-court identification is based upon a recollection independent of a pretrial identification, then the in-court identification is proper. *State v. Berry*, 609 S.W.2d 948, 953[15]

(Mo. banc 1980). In *State v. Hurst*, 612 S.W.2d 846, 851[4–5] (Mo.App.1981), our court stated: "Identification testimony is admissible in criminal prosecutions even if a line up and a viewing of photographs were suggestive because the presence of independent source will serve to remove any taint that might result from the suggestive confrontation."

Factors to be considered are the opportunity of the witness to observe the perpetrator during the crime, accuracy of the witness' prior description of the perpetrator, the level of certainty in the in-court identification and the time span from the crime to the identification. *Hurst*, id. at 851 [4, 5]. Here, the victim had ample opportunity to observe the defendant during the commission of the crime. She was attacked in a lighted room of her apartment and the defendant was on top of her face to face. Further, she gave a detailed description to the officers about five minutes after the occurrence and readily identified the defendant in a photograph as her attacker less than 90 minutes after the occurrence. In court, the victim then unequivocally identified the defendant as the man who had attacked her. Thus, evidence strongly supports the presence of an independent source of identification. No manifest injustice has been shown. Defendant's third point is not convincing.

In his fourth point, the defendant contends that the trial court erred in failing to sustain his motion for mistrial based on the admission of testimony concerning a screwdriver found in defendant's car because the prosecutor agreed not to present such evidence, pursuant to defendant's motion in limine. The granting of a mistrial rests largely within the discretion of the trial court, and we will not interfere unless that discretion has been abused. *State v. Hurst*, 612 S.W.2d 846, at 854 [24–26] (Mo.App.1981). The grant of a mistrial in a criminal prosecution is such a drastic remedy that it is reserved for cases where the error committed during trial is so prejudicial that there is no other way to remove the error. *Hurst*, id. at 854–6[24–

26, 34]. A less drastic action would have been a requested admonition to the jury to disregard the statement. The record indicates that the screwdriver was mentioned in a single instance, without undue emphasis, as part of a list of items removed from the defendant's car. Further, the evidence of guilt is strong. Therefore, the single reference to the screwdriver did not warrant the grant of a mistrial.

Judgment affirmed.

CRIST, P.J., and PUDLOWSKI, J., concur.